Brian Cameron, WSBA #44905
*Cameron Sutherland, PLLC*
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
(509) 315-4507 Telephone
(509) 315-4585 Facsimile

# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RACHEL ELSTON, and all others similarly situated, | Case No.: |
| Plaintiffs, | COMPLAINT – CLASS ACTION |
| vs. | JURY DEMANDED |
| ENCORE CAPITAL GROUP, INC.; MIDLAND FUNDING, LLC; MIDLAND CREDIT MANAGEMENT, INC.; | |
| Defendants. | |

## I.   INTRODUCTION

Plaintiff Rachel Elston (hereinafter, "Plaintiff"), a Washington resident, brings this class action complaint by and through her undersigned counsel, against Defendants Encore Capital Group, Inc.; Midland Funding, LLC; Midland Credit Management, Inc. (hereinafter collectively "Defendant" or "Midland"), individually

CLASS ACTION COMPLAINT - 1

1  and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the
2  Federal Rules of Civil Procedure.

## II.    JURISICTION AND VENUE

2.1  The Court has jurisdiction over this class action under 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2.2  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1291(b)(2).

## III.    NATURE OF THE ACTION

3.1  Plaintiff brings this class action for damages for Defendant's actions of using an unfair and unconscionable means to collect a debt.

3.2  Defendant's actions violated § 1692 *et seq.* of Title 15 of the United States Code, commonly referred to as the Fair Debt Collection Practices Act ("<u>FDCPA</u>") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

3.3  Plaintiff is seeking damages, declaratory and injunctive relief.

## IV.    PARTIES

4.1  Plaintiff is a natural person and a resident of the State of Washington and is a "Consumer" as defined by 15 U.S.C § 1692(a)(3).

CLASS ACTION COMPLAINT - 2

4.2 Midland Funding, LLC is owned 100% by Midland Portfolio Services, Inc. Midland Portfolio Services, Inc. is owned by Midland Credit Management, Inc. Midland Credit Management, Inc. (MCMI) is owned by Encore Capital Group, Inc. Encore Capital Group, Inc. is a publicly held corporation that trades on the NASDAQ under the symbol "ECPG."

4.3 All of these entities including Defendants Encore Capital, Midland Funding and MCMI share the same headquarters address of 3111 Camino Del Rio N. San Diego, CA 92108 (hereafter "Encore Defendants").

4.4 Defendant Encore Capital files quarterly 10-Q reports with the Securities Exchange Commission ("SEC"). Defendants Midland Funding and MCMI's financial information and other required disclosures are not separately identified but rather are subsumed in the disclosures made by Encore Capital Group, Inc. and are identified to the SEC together with Encore Capital collectively as "The Company."

4.5 Defendants Encore Capital, Midland Funding and MCMI are "debt collectors", as defined by 15 U.S.C. § 1692a(6).

CLASS ACTION COMPLAINT - 3

4.6  All acts done by Defendant Encore Capital were done on their own behalf and on the behalf of Midland Funding and MCMI.

4.7  All acts done by Defendant Midland Funding were done on their own behalf and on the behalf of Encore Capital and MCMI.

4.8  All acts done by Defendant MCMI were done on their own behalf and on Defendant Encore Capital is a Delaware corporation engaged in the business of collecting debts in the state of Washington.

4.9  Defendant MCMI is a Kansas corporation engaged in the business of collecting debts in the state of Washington.

4.10  Defendant Midland Funding is a limited liability corporation engaged in the business of collecting debts within the state of Washington.

4.11  Defendant Midland Funding is a collection agency, as defined by RCW 19.16.100(4)(d).

## V.   CLASS ACTION ALLEGATIONS

5.1  Plaintiffs bring this claim on behalf of the following classes, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

5.2  The Class consists of:

(a)  All individuals with addresses in the state of Washington (b) to whom Defendant (c) sent a collection letter in an attempt to collect a debt (d)

CLASS ACTION COMPLAINT - 4

which offers a payment plan to pay a time barred debt (e) which fails to notify the consumer that by making partial payment they may be restarting the statute of limitations (f) which letter was sent on or after a date one year prior to the filing of this action and on or before the date that this action is certified by the Court as a class action.

(b) The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

(c) Excluded from the Class are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

5.3 There are questions of law and fact common to the Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached hereto as *Exhibit A,* violate 15 U.S.C § 1692e.

5.4 The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

CLASS ACTION COMPLAINT - 5

5.5 The Plaintiff will fairly and adequately protect the interests of the Class defined in the complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor their attorney have any interests that might cause them not to vigorously pursue this action.

5.6 This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) **Numerosity:** The Plaintiffs are informed and believe, and on that basis, allege that the Class defined above is so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached hereto as *Exhibit A,* violate 15 U.S.C §§ 1692e.

CLASS ACTION COMPLAINT - 6

(c) **<u>Typicality:</u>** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d) **<u>Adequacy:</u>** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experience in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual's actions would engender.

CLASS ACTION COMPLAINT - 7

5.7 Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5.8 Depending on the outcome of further investigation and discovery, Plaintiffs may at the time of class certification motion, seek to certify a class only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## VI. ALLEGATIONS OF FACT

6.1 Sometime prior to 2009, Plaintiff allegedly incurred an obligation to Chase Bank.

6.2 The Chase Bank obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family, or household purposes.

6.3 The alleged Chase Bank obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

6.4 Sometime after 2008, Plaintiff's Chase Bank debt was sold to Defendant Midland Funding.

CLASS ACTION COMPLAINT
- 8

6.5 On or about March 28, 2017, Defendant cause to be delivered to Plaintiff a collection letter in attempt to collect the alleged debt. *See* **Exhibit A.**

6.6 The letter was sent or caused to be sent by Defendants, through one or more of its agents.

6.7 The letter is a "communications" as defined by 15 U.S.C. §1692a(2).

6.8 The March 28, 2017 letter offered the Plaintiff a number of payment options, one of which offered to an "Installment Option" for the Plaintiff to pay off her entire alleged debt over the course of a number of months.

6.9 As of 2017, more than 6 years had elapsed since the last payment or charge on the Chase Bank debt subject to the letter.

6.10 The Washington statute of limitations expired six (6) years after the last charge or payment on the Chase Bank debt.

6.11 The March 28, 2017 letter states, "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it."

6.12 The Defendant fails to inform the Plaintiff that should she choose one of the payment plans offered it may re-start the statute of limitations, which may expose the Plaintiff to future litigation for this debt.

CLASS ACTION COMPLAINT - 9

6.13 The Defendant does not inform Plaintiff that should the statute of limitations reset, the Defendant may have the right to commence legal action, which would otherwise have been barred.

6.14 The Defendant regularly sends collection letters on time-barred debts, offering small monthly installment plants in payment of the entire debt, but does not inform the consumer that the statute of limitations may reset upon making the first monthly payment.

6.15 The Defendant regularly sends letters seeking to collect debts, which are time-barred, that offer small monthly installment plants in payment of the entire debt, informing the consumer that he or she will not be sued due to the age of the debt; but not informing the consumer that the statute of limitations may reset if a partial payment is made on the debt, therefore allowing the Defendant the option of commencing legal action, which otherwise would be barred by the statute of limitations.

6.16 The Federal Trade Commission has determined that "Most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations… when a collector tells a consumer that he owes money and demands payment, it may create the misleading

CLASS ACTION COMPLAINT - 10

impression that the collector can sue the consumer in court to collect that debt." (*See* http://www.ftc.gov/opa/2012/01/asset.shtm)

6.17 In early 2012, the FTC entered into a consent decree with Asset Acceptance, one of the largest debt buyers in the Unites States, requiring it to disclose to consumers when it is attempting to collect debts that are barred by the statute of limitations. *United States of America (For the Federal Trade Commission) v. Asset Acceptance, LLC,* Case No. 8:12-cv-182-T-27EAJ (M.D.Fla.).

6.18 On October 1, 2012, the Consumer Financial Protection Bureau, which has taken over much of the FTC's enforcement responsibility and has been granted rule-making authority with respect to debt collection, the Federal Deposit Insurance Corporation, the Federal Reserve Board, and the Office of the Comptroller of the Currency entered into consent orders with three American Express-related entities requiring disclosure that debts they attempt to collect were time-barred. The October 1, 2012, orders further require disclosure of "all material conditions, benefits and restrictions concerning any offer of settlement…" (2012-CFPB-0002, p. 7 of 35, 2012-CFPB-0003, p. 6 of

CLASS ACTION COMPLAINT - 11

28). Thus, they recognize that "settlement offers" that fail to disclose material information may be misleading.

6.19 The Seventh Circuit recently found as to another debt collector engaging in nearly identical conduct that "First, the letter does not even hint, let alone make clear to the recipient, that if he makes a partial payment or even just a promise to make a partial payment, he risks loss of the otherwise ironclad protection of the statute of limitations. Second, the letter did not make clear to the recipient that the law prohibits the collector from suing to collect this old debt. Either is sufficient reason to affirm summary judgment for the plaintiff." *Pantoja v. Portfolio Recovery Associates,* Case No. 15-1567 (7th Cir. March 29, 2017).

6.20 Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## VII.   FIRST CAUSE OF ACTION
Violations of the Fair Debt Collection Practices Act 15 U.S.C §1692e *et seq.*

7.1 Plaintiff repeats, reiterates, and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

CLASS ACTION COMPLAINT - 12

7.2   Defendants' debt collection efforts attempted and/or directed towards Plaintiff violated section 15 U.S.C. § 1692e of the FDCPA.

7.3   Section 15 U.S.C. §1692e states that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

7.4   The Defendant violated 15 U.S.C. §1692e(2)(A) by falsely representing the legal status of the debt.

7.5   Defendant violated 15 U.S.C §1692e(10) by using false representations and/or deceptive means to collect or attempt to collect a debt.

7.6   By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated §1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorney's fees.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

(a)   Declaring that this action is properly maintainable as a Class action and certifying Plaintiff as Class representative and Brian G. Cameron as Class Counsel;

(b)   Awarding Plaintiff and the Class statutory damages;

CLASS ACTION COMPLAINT - 13

(c) Awarding Plaintiff costs of this Action, including reasonable attorney's fees and expenses;

(d) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

DATED this 27th day of February, 2018.

        *Cameron Sutherland, PLLC*

        /s Brian G. Cameron
        Brian G. Cameron, WSBA #44905
        Attorney for Plaintiff

CLASS ACTION COMPLAINT - 14

# EXHIBIT A

**mcm** Midland Credit Management, Inc.
2365 Northside Drive
Suite 300
San Diego, CA 92108

Call: (800) 321-3809
Offer Expiration Date: 04-27-2017

Midland Credit Management, Inc. (MCM), is the debt collection company, which will be collecting on, and servicing your account.

03-28-2017

| Original Creditor |
|---|
| Chase Bank USA N.A. |

| Original Account Number |
|---|
| ██████████ |

Rachel Elston          P118T4412 001   

| MCM Account Number |
|---|
| ██████████ |

| Current Balance |
|---|
| $1,853.38 |

| Current Owner |
|---|
| Midland Funding LLC |

| Discount |
|---|
| 40% OFF |

RE Chase Bank USA N.A.

Dear Rachel Elston,



CALL US TODAY! (800) 321-3809

**AVAILABLE PAYMENT OPTIONS**

- **Option 1** — 40% OFF
- **Option 2** — 20% OFF Over 6 Months
- **Option 3** — Monthly Payments As Low As: $50 per month. Call today to discuss your options and get more details.

**Benefits of Paying Your Debt**
– Save $741.35 if you pay by 04-27-2017 –
– Put this debt behind you –
– No more communication on this account –
– Peace of mind –

**Hours of Operation**
Sun-Th: 5am-9pm PT;
Fri-Sat: 5am-4:30pm PT;

Sincerely,

*Tim Bolin*

Tim Bolin, Division Manager

The law limits how long you can be sued on a debt and how long a debt can appear on your credit report. Due to the age of this debt, we will not sue you for it or report payment or non-payment of it to a credit bureau.

We are not obligated to renew any offers provided.

 **(800) 321-3809**    **midlandcreditonline.com**    Midland Credit Management, Inc.
P.O. Box 60578
Los Angeles, CA 90060-0578

**PLEASE SEE REVERSE SIDE FOR IMPORTANT DISCLOSURE INFORMATION**

MCM Account Number     8538181329
Current Balance              $1,853.38

 **Manage Your Account Online**
midlandcreditonline.com

Total Enclosed    $ _____ . ____

**Important Payment Information**

Make checks payable to:
Midland Credit Management
Enter your MCM Account # on all payments

Mail Payments to:
Midland Credit Management, Inc.

**(800) 321-3809**

# Important Disclosure Information

**Please understand this is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.**

To report any inaccuracies or to dispute this debt, please call (800) 321-3809
Calls to and/or from this company may be monitored or recorded.

## Basic Information

| Original Creditor | Chase Bank USA N.A. | Charge-Off Date | 05-31-2009 |
|---|---|---|---|
| Original Account Number | ███████████ | Charge-Off Balance | $1,261.34 |
| Current Creditor *The sole owner of this debt* | Midland Funding LLC | Current Servicer | Midland Credit Management, Inc. |

## Balance Information

| | | |
|---|---|---|
| Principal Balance | $1,261.34 | |
| + Seller Interest Balance | $0.00 | |
| + Seller Fees Balance | $0.00 | Last Payment Date: |
| + MCM Interest Balance | $592.04 | 09-30-2008 |
| Current Balance | $1,853.38 | |

Historic interest rate used for the interest balance above: 12%. No additional interest will be charged by MCM.

## Important Contact Information

| Send Payments to: | For disputes call (800) 321-3809 or write to: | Physical Payments for Colorado Residents: |
|---|---|---|
| Midland Credit Management, Inc. P.O. Box 60578 Los Angeles, CA 90060-0578 | Attn: Consumer Support Services 2365 Northside Drive Suite 300 San Diego, CA 92108 | 80 Garden Center Suite 3 Broomfield, CO 80020 Phone (303) 920-4763 |

We are required under state law to notify consumers of the following rights. This list does not contain a complete list of the rights consumers have under state and federal law:

**IF YOU LIVE IN MASSACHUSETTS, THIS APPLIES TO YOU:** NOTICE OF IMPORTANT RIGHTS: You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten (10) days unless you provide written confirmation of the request postmarked or delivered within seven (7) days of such request. You may terminate this request by writing to MCM.

**IF YOU LIVE IN MINNESOTA, THIS APPLIES TO YOU:** This collection agency is licensed by the Minnesota Department of Commerce.

**IF YOU LIVE IN NEW YORK CITY, THIS APPLIES TO YOU:** New York City Department of Consumer Affairs License Number 1140603, 1207829, 1207820, 1227728, 2022587, 2023151, 2023152, 2027429, 2027430, 2027431

**IF YOU LIVE IN NORTH CAROLINA, THIS APPLIES TO YOU:** North Carolina Department of Insurance Permit #101659, #4182, #4250, and #3777, #111895, and #112039. Midland Credit Management, Inc. 2365 Northside Drive, Suite 300, San Diego, CA 92108

**IF YOU LIVE IN TENNESSEE, THIS APPLIES TO YOU:** This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.