David J. Elkanich, WSBA No. 35956
E-mail: serve.dje@hklaw.com
HOLLAND & KNIGHT LLP
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR 97204
Telephone: 503.243.2300

*Attorneys for Encore Capital Group, Inc., Midland Funding LLC, Midland Credit Management, Inc.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| RACHEL ELSTON, and all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>ENCORE CAPITAL GROUP, INC., MIDLAND FUNDING, LLC, MIDLAND CREDIT MANAGEMENT, INC.,<br><br>        Defendant. | Case No. 2:18-cv-00071-TOR<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT

HOLLAND & KNIGHT LLP
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR 97204
Telephone: 503.243.2300

#68451676_v1

## I. INTRODUCTION

In a misguided effort to distract the Court from the fact that the record clearly reflects that Defendants' are entitled to summary judgment on Plaintiff's claims, Plaintiff has lobbed in her own Motion for Summary Judgment (the "Motion"), which is wholly inadequate and must be denied. To that end, while it is true that "when parties submit cross motions for summary judgment, '[e]ach motion must be considered on its own merits," here, to the extent the Court grants Defendants' Motion for Summary Judgment, it must deny Plaintiff's Motion.[1] Plaintiff's Motion should be denied (and summary judgment should be granted in favor of Defendants) for a number of reasons.

---

[1] *See Fair Housing Council of Riverside County, Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001); *Boeing Co. v. Agricultural Ins. Co.*, Case No. C05-0921-JCC, 2008 WL 2945503, *6 n.3 (W.D. Wash. July 28, 2008) (determining that by granting defendant's motion for summary judgment, the district court must deny plaintiff's motion for summary judgment). Defendants' Motion for Summary Judgment has been fully briefed and is currently pending before this Court. *See* ECF No. 17. In this Response, Defendants will cite to the pending factual record, including the Declaration of John Nord ("Nord Decl.") (ECF No. 28), in order to avoid burdening the Court with duplicative declarations and exhibits.

HOLLAND & KNIGHT LLP
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR 97204
Telephone: 503.243.2300

*First*, Plaintiff moves for summary judgment on claims not pled in her Complaint. While Plaintiff's Complaint asserts an FDCPA claim based on a March 28, 2017 letter attached as Exhibit A thereto (ECF No. 1 at 16), Plaintiff moves for summary judgment here on ***an entirely different letter*** (dated May 3, 2017). *See* ECF No. 32 at 5-7; *see also* Declaration of Rachel Elston in Support of the Motion at ¶ 33 ("Attached is a true and correct copy of a letter that I received at the beginning of May, 2017 from Midland Credit Management, Inc."). Ninth Circuit precedent makes clear that "where, as here, the complaint does not include the necessary factual allegations to state a claim, raising such a claim in a summary judgment motion is insufficient to present the claim to the district court." *Navajo Nation v. U.S. Forest Service*, 535 F.3d 1058, 1080 (9th Cir. 2008). Given that Plaintiff's entire Motion is based on the May 3, 2017 letter and not the letter pled in the Complaint, the Court should deny summary judgment on this basis alone.

*Second*, Plaintiff's Motion ignores the undisputed fact that Defendants' policies completely negate any possibility that the statute of limitations on Plaintiff's account could be revived. Tellingly, Plaintiff's Motion does not address this fundamental point – a point which undercuts her entire case. But simply ignoring unfavorable facts does not mean Plaintiff is entitled to summary judgment, or that Defendants' motion should not be granted (in fact, it indicates exactly the opposite). Plaintiff further relies upon

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT – PAGE 2

HOLLAND & KNIGHT LLP
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR  97204
Telephone:  503.243.2300

#68451676_v1

non-binding authorities that are distinguishable from the facts of this case and fails to cite or consider more factually relevant and persuasive case law, which specifically approves language identical to the language in the letter at issue here and rejects FDCPA claims purportedly based upon such language.

*Third*, Plaintiff's Motion ignores Washington law which holds that partial payment alone could not revive the statute of limitations on a time-barred account. *See Jewell v. Long*, 74 Wn. App. 854, 857 (1994); *see also* RCW 4.16.280 (requiring any acknowledgement renewing statute of limitation must be in writing signed by the party to be charged). In short, the "risk" of reviving the statute of limitation that Plaintiff complains of is not merely purely hypothetical and speculative (indeed, it is both)—it is actually no risk at all, both as a matter of undisputed fact and as a matter of law. Indeed, the Seventh Circuit just this week dismissed an FDCPA claim on Article III standing, holding that where the defendant's alleged procedural violation did not harm the consumer, there could be no injury for a federal court to redress. *Casillas v. Madison Avenue Associates, Inc.,* --- F.3d ---, 2019 WL 2353211, *1 (June 4, 2019). The same result should apply here.

*Finally*, Plaintiff's Motion fails to point to any evidence to establish that either Encore Capital Group, Inc. or Midland Funding LLC meet the statutory definition of "debt collector," for purposes of an FDCPA claim. Plaintiff's claim must be dismissed

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT – PAGE 3

HOLLAND & KNIGHT LLP
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR 97204
Telephone: 503.243.2300

#68451676_v1

1   as against these Defendants for this reason alone.

2   ## II.    FACTUAL BACKGROUND

3       Plaintiff bases her FDCPA claim upon a letter that Defendant Midland Credit

4   Management, Inc. ("MCM") sent to Plaintiff. *See* ECF No. 1, Ex. A (March 28, 2017

5   letter from MCM to Plaintiff) (the "Letter"). The facts regarding the Letter are

6   undisputed.[2] Specifically, there is no dispute that the Letter: (1) does not threaten

7
8
9
10  ───────────────

[2] Plaintiff has submitted a Statement of Uncontroverted Facts with her Motion (ECF

No. 34), which improperly puts forward several erroneous legal conclusions and legal

arguments as "facts," and fails to cite the specific portion of the record where the "fact"

is found as required by Local Rule 56. *See, e.g.*, Plaintiff's Fact No. 4 ("This absolute

protection against legal action afforded by Washington's statute of limitations would be

lost if Plaintiff made a partial payment or a promise to pay on the alleged debt") (*Id.* at

2); Plaintiff's Fact No. 6 ("Although the Defendants' dunning letter urged the Plaintiff

to make a payment on the time-barred debt, the Defendants avoided any disclosure that

such a payment would eliminate the absolute protection afforded to Plaintiff by the

statute of limitations and allow the Defendants, or its assignees, to sue her for the alleged

debt."). These purported "material" facts should be disregarded by the Court as it is well

settled that "speculation, legal conclusions and conclusory allegations are not material

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT – PAGE 4

HOLLAND & KNIGHT LLP
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR  97204
Telephone:  503.243.2300

litigation; (2) does not use the term "settlement" or "settle"; and (3) gives the following disclosure: "The law limits how long you can be sued on the debt and how long a debt can appear on your credit report. Due to the age of this debt, we will not sue you for it or report payment or non-payment of it to a credit bureau." *See id.* It is also undisputed that this disclosure language in the Letter follows *verbatim* the requirements of a Consent Order that MCM and the CFPB entered into in 2015. *See* Nord Decl. (ECF No. 28), at ¶ 13.

Next, Plaintiff's Motion likewise does not contest the fact that Defendants have a written policy providing that once the estimated statute of limitations has run on an account, they will never file suit to collect such accounts, or otherwise treat the statute of limitations as renewed, even if the debtor makes a partial payment. *See id.* at ¶¶ 8, 10. Similarly, Defendants' policies provide that they do not sell accounts to third parties.

_____

facts for purposes of summary judgment analysis." *Jenkins v. Vail*, Case No. CV-08-5075-CI, 2010 WL 3715154, *4 n.3 (E.D. Wa. Aug. 4, 2010) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). Defendants cite in this Response the portions of the record establishing the facts that are truly undisputed, and will further address the deficiencies with Plaintiff's Statement of Uncontroverted Facts in its responding statement pursuant to Local Rule 56.

HOLLAND & KNIGHT LLP
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR 97204
Telephone: 503.243.2300

#68451676_v1

See *id.*, ¶ 7. Plaintiff's Motion points to no evidence suggesting that either of these policies is not scrupulously followed both for her account and for any other accounts.

Finally, Plaintiff's Motion relies upon a letter that she never pled in her Complaint. The Complaint refers to and attaches the Letter, which is dated March 28, 2017 and refers to an account originally issued by Chase Bank USA, N.A. with a charge-off balance of $1,853.38. *See* ECF No. 1, Ex. A. In her Motion and Declaration in Support thereof, however, Plaintiff now – for the first time – describes a letter dated May 3, 2017, which refers to an account originally issued by Citibank with a current balance of $5,522.00. *See, e.g.,* Motion at 5; see ECF No. 33 at ¶ 2 ("Attached is a true and correct copy of the letter I received at the beginning of May, 2017 from Midland Credit Management, Inc.").

## III.  LEGAL STANDARDS

Under Federal Rule of Civil Procedure 56, summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Where cross-motions for summary judgment are submitted on the same issue, a district court must consider each motion on its own merits. *Fair Housing Council*, 249 F.3d 1132, 1136

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT – PAGE 6

HOLLAND & KNIGHT LLP
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR  97204
Telephone:  503.243.2300

#68451676_v1

(9th Cir. 2001).[3]

## IV. ARGUMENT

Plaintiff's Motion raises matters not pled in her Complaint. Plaintiff also fails to point to any evidence to show that Defendants made a false, deceptive, or misleading representation, or otherwise committed any violation of 15 U.S.C. § 1692e. For all the following reasons, the undisputed facts of this case establish that Plaintiff is not entitled to judgment as a matter of law, and that the Motion must be denied.

### A. Summary Judgment is Not an Appropriate Vehicle to Correct Pleading Deficiencies.

Plaintiff's Motion attempts to rely on language from the May 3, 2017 letter, not the March 28, 2017 Letter. This is wholly inappropriate for numerous reasons, not the least of which is that the two letters *contain different language*. For example, only included the May 3, 2017 letter (and not the March 28, 2017 letter at issue in the complaint) contains the phrase "We can't change the past, but we can help with your future". *See* Plaintiff's Motion at 6 (citing the differing language). Yet Plaintiff's FDCPA claims are solely based on the March 28, 2017 letter, and her complaint contains

_____

[3] For the reasons set forth in Defendants' Motion for Summary Judgment (ECF No. 17), Defendants have demonstrated that there is no genuine issue of material fact as it relates to Plaintiff's claims and that they are entitled to judgment as a matter of law.

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT – PAGE 7

HOLLAND & KNIGHT LLP
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR 97204
Telephone: 503.243.2300

#68451676_v1

no allegations whatsoever related to the May 3, 2017 letter, or the language in that letter. *See* Compl. at ¶¶ 6.5 (ECF No. 1 at 9) ("On or about March 28, 2017, Defendant cause [sic] to be delivered to Plaintiff a collection letter in an attempt to collect the alleged debt." *See **Exhibit A**.*); 6.8 ("The March 28, 2017 letter offered Plaintiff a number of payment options . . . ."); 6.11 ("The March 28, 2017 letter states that, "The law limits how long you can be sued on a debt. Because of the age of the debt, we will not sue you for it.")

It is far past obvious that Plaintiff cannot move for summary judgment on matters not raised in her Complaint (and that therefore have not been litigated, and are potentially time barred under the FDCPA's one-year statute of limitations). *See, e.g., Wasco Prods., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989,992 (9th Cir. 2006) (holding that "summary judgment is not a procedural second chance to flesh out inadequate pleadings."); *Hasan E. Washington State Univ.*, 485 Fed. Appx. 169, 171 (9th Cir. 2012) (holding that a claim not pled in plaintiff's complaint should be rejected at summary judgment stage); *Feezor v. Patterson*, 896 F.Supp.2d 895, 903 (E.D. Cal. 2012) ("It is axiomatic that violations not pled in the complaint cannot be considered by this court at the summary judgment stage"). Accordingly, this Court cannot address the claims asserted in Plaintiff's Motion as they were not pled in Plaintiff's Complaint.

Even if the Court chooses to address the matters raised in Plaintiff's Motion – it

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT – PAGE 8

HOLLAND & KNIGHT LLP
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR 97204
Telephone: 503.243.2300

#68451676_v1

should not – Plaintiff's Motion should still be denied (and Defendants' motion granted). Neither the May 3, 2017 letter nor the March 28, 2017 Letter contain any language that could violate the FDCPA, and each expressly includes the same CFPB-approved language explaining in layman's terms the effect of the statute of limitations, and stating without qualification that Plaintiff would not be sued in connection with the account.[4] As explained in more fully below, Defendants are entitled to summary judgment no matter which letter Plaintiff were to put forward as the putative basis for her claim.

### B. The Letter MCM Sent to Plaintiff Accurately Discloses the Nature of the Account and is Not Misleading as a Matter of Law.

The CFPB-approved language in the letter regarding the effect of the statute of limitation is not misleading as a matter of law. Indeed, the language plainly discloses both that the law limits the time in which a creditor can sue, and states that because of the age of Plaintiff's debt, she will not be sued. Federal courts around the country have rejected FDCPA claims based on similar language.

---

[4] For purposes of this Response, Defendants will generally refer to the March 28, 2017 Letter unless otherwise specified, as the March 28, 2017 Letter is the basis of Plaintiff's claim as pleaded in the Complaint, and it is inappropriate for Plaintiff to now raise new arguments.

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT – PAGE 9

HOLLAND & KNIGHT LLP
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR 97204
Telephone: 503.243.2300

#68451676_v1

For example, in *Olsen v. Cavalry Portfolio Servs., LLC*, Case No. 8:15-cv-25 20-T-23AAS, 2016 WL 4248009 (M.D. Fla. Aug. 11, 2016), a creditor had sent letters to a debtor stating in part, "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it." The *Olsen* court rejected the plaintiff's FDCPA claim, noting that the FDCPA imposed no duty on the defendant to advise the plaintiff of potential defenses, including the expired limitation or consequences of potential payment. *Id.* at *2 (citing *Ehrich v. Convergent Outsourcing, Inc.*, Case No. 15-cv-22796, 2015 WL 6470453 (S.D. Fla. Oct. 27, 2015). The court further noted that the letters specifically stated that the creditor "will not sue," and that the letters at issue adopted language recently approved by the Consumer Financial Protection Bureau. *Id.* Other courts have reached similar results. *See Cooper v. Midland Credit Management, Inc.*, Case No. 4:18-CV-82 (CDL), 2018 WL 6517448 (M.D. Ga. Dec. 11, 2018) (upholding disclosure language identical to that used in the Letter in this case); *Boedicker v. Midland Credit Management, Inc.*, 227 F. Supp. 3d 1235, 1241 n.5 (D. Kan. 2016) (rejecting FDCPA claim based on same disclosure language).

**C.   Plaintiff's Motion Must be Denied Because It Fails to Rebut Defendants' Policy of Never Reviving Time-Barred Accounts, and Erroneously Relies Upon Inapposite Authorities.**

Plaintiff's Motion does not cite or address any of the authorities described above. Nor does the Motion address the undisputed fact in the record that Defendants ***never***

HOLLAND & KNIGHT LLP
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR 97204
Telephone: 503.243.2300

revive the statute of limitations on an account once expired (***for any reason***, including but not limited to the receipt of any payment). Instead, the Motion erroneously relies solely on other non-binding authorities, which are inapposite because they are based on different facts and law and did not involve or consider similar policies.

First, the Motion relies most heavily upon *Pantoja v. Portfolio Recovery Associates, LLC*, 852 F.3d 679 (7th Cir. 2017), citing and discussing it throughout. The *Pantoja* court, however, did not confront key points that apply here—namely whether a mere partial payment can "revive" a time-barred debt when state law does not allow revival upon a mere partial payment, and that Defendants ***never*** revive the statute of limitations for accounts that become time-barred. *See Koerner v. Midland Credit Management, Inc.*, 347 F. Supp. 3d 1143, 1146 (M.D. Fla. 2018) (finding there is "no scenario in which the statute of limitations would be revived and consequently, there is nothing misleading about the collection letters").

*Pantoja* is also inapplicable on its own facts. In *Pantoja*, the Seventh Circuit analyzed different language than the language at issue here, wherein the defendant offered to "***settle*** [an] account FOR GOOD," and referred explicitly to specific "***settlement*** offers" being extended by the debt collector. *Pantoja*, 852 F.3d at 682 (emphases added). The letter at issue in *Pantoja* then went on to state only, "[b]ecause of the age of your debt, we will not sue you for it and we will not report it to any credit

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT – PAGE 11

HOLLAND & KNIGHT LLP
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR 97204
Telephone: 503.243.2300

#68451676_v1

reporting agency." *Id.* Crucially, the *Pantoja* letter completely omitted the first (and arguably most important) sentence in the disclosure, which explains in layman's terms how the statute of limitation works—"The law limits how long you can be sued on a debt and how long a debt can appear on your credit report." The *Pantoja* court specifically noted and relied upon the fact that the debt collector in that case had not used the full, two-part, CFPB-approved language, but that instead "[t]he carefully crafted language, chosen to obscure from the debtor that the law prohibits the collector from suing to collect this debt or even threatening to do so, is the sort of misleading tactic the FDCPA prohibits." *Id.* at 687.

Here, however, the entire CFPB-approved disclosure is included verbatim in MCM's Letter. With this full disclosure—no more and no less than required by the CFPB—there is no risk that the consumer would misunderstand the import of the statute of limitation, or believe that Defendants were reserving the right to sue. The approved disclosure unequivocally provides that the statute of limitation has expired and for that reason, Defendants will never sue. Accordingly, the reasoning and result in *Pantoja* only reinforce Defendants' position that the full disclosure, as used in the Letter in this case, is not deceptive or misleading.

The additional out-of-circuit authorities cited in the Motion suffer from similar deficiencies. In neither *Daugherty v. Convergent Outsourcing, Incorporated*, 836 F.3d

HOLLAND & KNIGHT LLP
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR 97204
Telephone: 503.243.2300

507 (5th Cir. 2016) nor *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010 (7th Cir. 2014), did the court consider or address a policy of not reviving accounts based on partial payments, making both cases inapplicable here. Moreover, in each case, the court's ruling was expressly based on "settlement" or "settlement offers" extended by the debt collector. *See Daugherty*, 836 F.3d at 513 (". . . offering a 'settlement' and inviting partial payment (without disclosing the possible pitfalls) could constitute a violation of the FDCPA."); *McMahon*, 744 F.3d at 1021–22 (holding that "it is plausible that an unsophisticated consumer would believe a letter that offers to 'settle' a debt implies that the debt is legally enforceable"). Here, the Letter sent to Plaintiff does not mention settlement, and the rationale and holding of these cases is accordingly inapplicable.

Finally, in *Smothers v. Midland Credit Management, Inc.*, Case No. 16-2202-CM, 2016 WL 7485686 at *3 (D. Kan. Dec. 29, 2016), the Court based its holding on the premise that the defendant could sell accounts to third parties. *Id*. ("And while defendant may not sue, defendant can resell the debt to a collector who may.") Here, however, there is uncontroverted evidence establishing that Defendants have an internal policy of never re-selling accounts. *See* Declaration of John Nord, ECF No. 28 at 3, ¶ 7 (stating that "Midland Funding and MCM have a policy of "not selling, transferring or conveying accounts owned by Midland Funding to third parties.").

For all these reasons, Plaintiff's Motion fails to cite any applicable authority to

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT – PAGE 13

HOLLAND & KNIGHT LLP
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR 97204
Telephone: 503.243.2300

#68451676_v1

show that the language of the Letter at issue in this case could amount to an FDCPA violation. Nor does the Motion offer any argument avoiding the fatal fact that Defendants own written policy requires that they **never** revive time-barred accounts. The Motion fails even to consider the more-applicable and factually relevant authorities around the country specifically approving the precise language that is at issue here.

Finally, the fact that Plaintiff cannot plead any actual harm establishes the case must be dismissed for failure to plead standing under Article III. Just this week, the Seventh Circuit dismissed an FDCPA claim on Article III standing, holding that where the defendant's alleged procedural violation did not harm the consumer, there could be no injury for a federal court to redress. *Casillas v. Madison Avenue Associates, Inc.*, --- F.3d ---, 2019 WL 2353211, *1 (7th Cir. June 4, 2019).

For these reasons, Plaintiff is not entitled to judgment as a matter of law, and her Motion must be denied.

> **D.** **Washington Law Required More Than Simply Partial Payment to Revive the Statute of Limitation.**

In Washington, there "must be a clear and unequivocal intention on the part of the obligor to revive the whole debt." *J.M. Arthur & Co. v. Burke*, 83 Wn. 690, 698 (1915). Reviving a statute of limitation once expired requires more than simply a partial payment—it requires acknowledgement of the debt in writing, recognition of the existence of the debt, communication to the creditor of the acknowledgement, and failure

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT – PAGE 14

HOLLAND & KNIGHT LLP
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR 97204
Telephone: 503.243.2300

#68451676_v1

to indicate an intent not to pay the debt. *See Jewell v. Long*, 74 Wn. App. 854, 857 (1994); *see also* RCW 4.16.280 (any acknowledgement renewing statute of limitation must be in writing signed by the party to be charged). Moreover, Washington law is clear that "where a debt is acknowledged after the statute of limitations has run, the action must be upon the new agreement and, in the nature of an original obligation, should be strictly construed." *In re Tragopan Properties, LLC*, 164 Wn. App. 268, 274 (2011).

These longstanding principles of Washington law are fatal to Plaintiff's FDCPA claim, which is rooted wholly in the premise that an unsuspecting debtor might inadvertently revive an otherwise-time barred debt simply by submitting a partial payment. Whether or not that is true in other jurisdictions, Washington cases make clear that more is required under Washington law. *See Jewell, supra*; *see also, e.g.*, *Lombardo v. Mottola*, 18 Wn. App. 227 (1977) (subsequent note executed by parties acknowledged debt under promissory note.) Nor does the Motion cite ***any*** Washington case where a partial payment alone was held to be a sufficient acknowledgement to revive the statute of limitation after a debt became time-barred.

Plaintiff's contention that she or any Washington consumer would have been at any risk if she had elected to make a partial payment accordingly flies in the face of Washington law. While Plaintiff has the ability to voluntarily acknowledge the debt and revive the statute of limitations through a new promise to pay, that can only happen if

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT – PAGE 15

HOLLAND & KNIGHT LLP
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR 97204
Telephone: 503.243.2300

#68451676_v1

she clearly and unequivocally intends to do so. *See, e.g.*, *J.M. Arthur*, 83 Wn. at 698; *Tragopan*, 164 Wn. App. at 274. Plaintiff has made no such allegation in her Complaint nor the Declaration she has submitted. Furthermore, the Motion fails to point to any evidence indicating that Plaintiff made a payment on the account at issue, much less that she "clearly and unequivocally" intended to make a new agreement. As such, Plaintiff's theory of liability in this case is entirely hypothetical. Accordingly, the disclosure Plaintiff contends should have been made in this case would have been inaccurate (and arguably misleading in itself) if it were to be included in Washington letters. *See Koerner*, 347 F. Supp. 3d at 1146 (noting that "a statement that partial payment might revive or reset the statute of limitations would be a misrepresentation . . ..").[5]

_____

[5] Courts in other jurisdictions have dismissed similar cases alleging that a partial payment disclosure should have been included in states where revival is not possible with a simple partial payment, and this Court should as well. *See, e.g., Kislin v. Northalnd Grp., Inc.*, No. 16-4533, 2017 U.S. Dist. LEXIS 83197, at *7 (D.N.J. Apr. 19, 2017) (granting motion to dismiss because "under New Jersey law, the statute of limitations would not have reset merely because the Plaintiff made a partial payment. Thus, under the FDCPA, the Letter [which did not provide any disclosures regarding the statute of limitations] was not deceptive or misleading in that regard."); *Ali Judah v.*

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT – PAGE 16

#68451676_v1

HOLLAND & KNIGHT LLP
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR 97204
Telephone: 503.243.2300

**E.     Encore and Midland Funding are Not Debt Collectors.**

A defendant must be a "debt collector" to be subject to liability under the FDCPA. *See* 15 U.S.C. § 1692a(6). Plaintiff's Motion contends that all Defendants are "debt collectors," but fails to point to any evidence to establish that Encore or Midland Funding meet the narrow statutory definition, or otherwise to contravene the evidence in the Court's record that Encore and Midland Funding are not debt collectors. *See* Declaration of John Nord, ECF No. 28 at 4–6 (stating that (i) Midland Funding is passive and does

---

*Total Card, Inc.*, No. 16-5881, 2017 U.S. Dist. LEXIS 81738, at *9-10 (D.N.J. May 30, 2017) (granting motion to dismiss FDCPA lawsuit); *Genova v. Total Card, Inc.*, 193 F. Supp. 3d 360, 368 (D.N.J. 2016) ("Defendant was not required to 'inform the consumer that the statute of limitations will reset upon making the first monthly payment,' because, under this Court's reading of New Jersey law, that statement is incorrect . . ."); *Cohen v. Ltd. Fin. Servs. LP*, 15-7422, 2016 U.S. Dist. LEXIS 91299, at *11 (D.N.J. Jul. 14, 2016) (dismissing FDCPA lawsuit because in New Jersey, revival requires "an act of declaration which establishes the debtor's recognition of, and intention to pay, the *entire* claim" and thus the partial payment sought in the letter would not have revived the statute of limitations) (emphasis in original).

HOLLAND & KNIGHT LLP
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR  97204
Telephone:  503.243.2300

#68451676_v1

not communicate with consumers, and (ii) Encore engages in no debt collection activity and does not service accounts).

The record in this case is already replete with citations to federal authority holding that passive entities like Midland Funding, which purchases debt but is not involved in the collection of that debt, do not qualify as "debt collectors" under 15 U.S.C. § 1692a(6). *See* Defendants' Motion for Summary Judgment and Incorporated Memorandum of Law (ECF No. 27) at 18–21;[6] *see also* Declaration of John Nord (ECF

---

[6] The authorities discussed include: *McAdory v. M.N.S. & Assoc., LLC*, Case No. 3:17-cv-00777, 2017 WL 5071263, at *3 (D. Or. Nov. 3, 2017) (finding that "[d]ebt purchasing companies like DNF who have no interactions with debtors and merely contract with third parties to collect on the debts they have purchased simply do not have the principal purpose of collecting debts"); *Gold v. Midland Credit Management, Inc.*, 82 F. Supp. 3d 1064, 1071 (N.D. Cal. 2015) (in the absence of "evidence showing a purpose to collect on those debts" Midland Funding is not a debt collector under the "principal purpose prong"); *Kasalo v. Trident Asset Management, LLC*, 53 F. Supp. 3d 1072, 1079 (N.D. Ill. 2014) (determining that a passive debt buyer was not a debt collector under either prong of definition); *Dorrian v. LVNV Funding, LLC*, 479 Mass. 265 (Mass. 2018) (". . . there is no evidence that Congress ever intended to include within

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT – PAGE 18

HOLLAND & KNIGHT LLP
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR 97204
Telephone: 503.243.2300

#68451676_v1

No. 28) at ¶¶ 14–17. Encore is even further attenuated from the FDCPA's definition of debt collector. Encore has no interaction with consumers and does not engage in the collection of debt. *See* Declaration of John Nord (ECF No. 28) at ¶ 20.

Plaintiff's Motion fails to engage either with the facts in the record or the overwhelming weight of authority demonstrating that Encore and Midland Funding are not debt collectors. Instead, the Motion points solely to a statement from Encore's website regarding Encore's services to customers in the debt recovery solutions space. *See* Motion at 13. This statement is insufficient evidence to put Encore within the statutory definition of "debt collector" under the FDCPA. Indeed, the statement makes clear that Encore is "an international specialty finance company" that operates

_____

this definition debt buyers that own debts but use a third party to collect the debts and therefore have no contact with the debtors."); *Koerner*, 347 F. Supp. 3d at 1147 (because Midland Funding is a debt buying company that only purchases and holds accounts, has no employees and does not service accounts for others, "[t]here is no genuine dispute that Midland Funding is not a debt collector within the meaning of the FDCPA."); *Henson v. Santander Consumer USA, Inc.*, 137 S.Ct. 1718 (2017) (holding that an entity like Midland Funding, which only owns debts due to itself, is not a debt collector under the second prong of the definition).

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT – PAGE 19

HOLLAND & KNIGHT LLP
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR 97204
Telephone: 503.243.2300

#68451676_v1

"[t]hrough its subsidiaries" with respect to the purchase of financial assets and debt servicing and other portfolio management services. *Id.* Nothing in this statement acknowledges or admits that Encore or Midland Funding is a debt collector under the FDCPA. *See Summers v. Midland Funding, LLC*, Case No. 14 CV 10174, 2017 WL 5152358, at *2 (N.D. Ill. Nov. 7, 2017) (determining that plaintiff failed to "submit evidence that addresses whether each defendant meets one of the prongs of the statutory definition" and rejecting argument that it is "obvious" defendants are debt collectors without specific evidence to support conclusory allegation).

Encore and Midland Funding are not debt collectors within the purview of the FDCPA. *See Henson*, 137 S.Ct. at 1721–22 ("All that matters is whether the target of the lawsuit regularly seeks to collect debts for its own account or does so for 'another'"). Because these Defendants are not debt collectors subject to the FDCPA, Plaintiff's claim against them fails as a matter of law, and her Motion must be denied as against these Defendants for this reason alone.

## V. CONCLUSION

Plaintiff's Motion should be denied. Defendants' Motion for Summary Judgment should be granted because there are no genuine issues of material facts and Defendants are entitled to judgment as a matter of law.

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT – PAGE 20

HOLLAND & KNIGHT LLP
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR 97204
Telephone: 503.243.2300

#68451676_v1

Dated:  June 7, 2019.

HOLLAND & KNIGHT LLP

By:  _s/ David J. Elkanich_
David J. Elkanich, WSBA No. 35956
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR  97204
Telephone:  503.243.2300
E-mail: serve.dje@hklaw.com

*Attorneys for Encore Capital Group, Inc.,
Midland Funding LLC, Midland Credit
Management, Inc.*

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT – PAGE 21

HOLLAND & KNIGHT LLP
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR  97204
Telephone:  503.243.2300

#68451676_v1

# CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing **RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** to be served on the following person[s]:

> Brian Cameron
> Cameron Sutherland, PLLC
> 421 W. Riverside Ave., Ste. 660
> Spokane, WA 99201
> Tel:  (509) 315-4507
> Fax:  (509) 315-4585
> Email:  bcameron@cameronsutherland.com

by the following indicated method or methods:

☑     by CM/ECF electronically mailed notice from the Court on the date set forth below.

☐     by mailing full, true and correct copies thereof in sealed, first class postage prepaid envelopes, addressed to the parties and/or their attorneys as shown above, to the last-known office addresses of the parties and/or attorneys, and deposited with the United States Postal Service at Portland, Oregon, on the date set forth below.

☐     by causing full, true, and correct copies thereof to be hand-delivered to the parties and/or their attorneys at their last-known office addresses listed above on the date set forth below.

☐     by sending full, true, and correct copies thereof, via overnight courier in sealed, prepaid envelopes, addressed to the parties and/or their attorneys as shown above, to the last-known office addresses of the parties and/or their attorneys, on the date set forth below.

☐     by faxing full, true, and correct copies thereof to the fax machines which are the last-known fax numbers for the parties' and/or attorneys' offices, on the date set forth below.

DATED June 7, 2019.


*s/ David J. Elkanich*
David J. Elkanich

CERTIFICATE OF SERVICE – PAGE 1

HOLLAND & KNIGHT LLP
2300 US Bancorp Tower
111 SW Fifth Avenue
Portland, OR  97204
Telephone:  503.243.2300

#68451676_v1